**Mario Antonio Quan VILLATORO,
Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney
General, Respondent.**

No. 04–74260.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 12, 2005.

Edgardo Quintanilla, Esq., Attorney at
Law, Sherman Oaks, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland
Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District
Counsel, Department of Homeland Security, San Francisco, CA, Christopher C.
Fuller, Jonathan F. Potter, U.S. Department of Justice, Office of Immigration Litigation, Civil Division, Washington, DC, for
Respondent.

Before: PREGERSON, CANBY, and
THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Mario Antonio Quan Villatoro, a native
and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of asylum
and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252.
We review the agency's decision for substantial evidence. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th
Cir.2003). We review de novo claims of
due process violations in removal proceedings. *See Castillo–Perez v. INS,* 212 F.3d
518, 523 (9th Cir.2000). We deny the petition for review.

Even if Quan Villatoro could establish
past persecution based on his membership

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General
of the United States, pursuant to Fed. R.App.
P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

in a politically-active student group that was threatened by the Guatemalan military and had two of its leaders kidnapped and disappeared, substantial evidence supports the agency's determination that there has been a fundamental change in circumstances such that Quan Villatoro no longer has a well-founded fear of future persecution by the Guatemalan authorities. *See Gonzalez–Hernandez,* 336 F.3d at 997; *see also* 8 C.F.R. § 208.13(b)(1)(i)(A).

By failing to qualify for asylum, Quan Villatoro necessarily failed to satisfy the more stringent standard for withholding of removal. *See Gonzalez–Hernandez,* 336 F.3d at 1001 n. 5.

Contrary to Quan Villatoro's contention, the format and content of the BIA's order did not violate his right to due process because, despite its brevity, the order addressed the issues Quan Villatoro raised on appeal and sufficiently detailed the reasons for denial. *See Marcu v. INS,* 147 F.3d 1078, 1082 (9th Cir.1998) ("all that is necessary is a decision that sets out terms sufficient to enable us as a reviewing court to see that the Board has heard, considered, and decided.") (internal quotation marks and citation omitted).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

PETITION FOR REVIEW DENIED.